NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-2783

JOSE ORMIN MEJIA-FUENTES,
Petitioner

v.

ATTORNEY GENERAL OF
THE UNITED STATES,
Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A98-358-319)

Argued: February 3, 2010

Before: McKEE, *Chief Judge*, HARDIMAN, *Circuit Judge*, and
DAVIS, *District Judge*[*]

(Opinion filed:  February 24, 2012)

DAQUANNA CARTER, ESQ.
JESSICA RICKABAUGH, ESQ. (Argued)
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103
*Attorneys for Petitioner*

GREGORY G. KATSAS, ESQ.

---

[*]Hon. Legrome D. Davis, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

1

Assistant Attorney General
United States Department of Justice
Civil Division
CHRISTOPHER C. FULLER, ESQ.
Senior Litigation Counsel
Office of Immigration Litigation
ALISON MARIE IGOE, ESQ.
Senior Litigation Counsel
Office of Immigration Litigation
PO Box 878 Ben Franklin Station
Washington, D.C.
DANIEL I. SMULOW, ESQ.
ANN C. VARNON, ESQ.
THEODORE C. HIRT, ESQ. (Argued)
Attorneys
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
*Attorneys for Respondent*

OPINION

McKEE, *Chief Judge*.

Jose Osmin Mejia-Fuentes has filed a petition for review of a decision of the Board of Immigration Appeals ("BIA") that dismissed his appeal of an order of an Immigration Judge ("IJ") denying his applications for asylum and withholding of removal. For the reasons that follow, we will grant the petition for review and remand for further proceedings.

## I. FACTS AND PROCEDURAL HISTORY[1]

---

[1]Since we write primarily for the parties, we need not set forth the factual or procedural history in detail.

Jose Osmin Mejia-Fuentes applied for asylum, withholding of removal, and relief under Article 3 of the Convention Against Torture ("CAT").[2] He based his claim for relief on his contention that he had suffered past persecution by the Mara Salvatrucha ("MS"), a violent criminal street gang in El Salvador, and that he feared future persecution from MS if returned to El Salvador. He claimed that the persecution arose from his resistance to that gang's attempts to recruit him to be a member of the gang. He thus rests his asylum claim on membership in a "particular social group," which he defines as "young men who morally oppose criminal gangs and who lack family ties."

---

[2]The Immigration Judge denied Mejia-Fuentes's application for relief under the CAT and the Board of Immigration Appeals held that the denial was proper. Mejia-Fuentes does not seek review of that ruling.

The IJ denied any relief and ordered Mejia-Fuentes removed to El Salvador. The IJ held that the proposed social group did not have the requisite characteristics of a particular social group under BIA precedent which requires a visible and innate identity or under Third Circuit precedent. Administrative Record ("AR") 402 (citing *Matter of Acosta*, 19 I. & N. Dec. 211 (BIA 1985), *In re H-*, 21 I. & N. Dec. 337 (BIA 1996), and *Fatin v. INS*, 12 F.3d 1233 (3d Cir. 1993), respectively). The IJ further held that the proposed social group had no existence independent of the alleged persecution, and that even if it did, Mejia-Fuentes "failed to establish any persecution by this group as defined under the law." *Id.* The IJ based his reasoning at least in part on a belief that the evidence did not establish retaliation for Mejia-Fuentes's rejection of the gang's recruitment efforts. Instead, the IJ concluded that the gang was motivated solely by criminal intent in targeting Mejia-Fuentes and by a desire to increase its membership.[3]

On appeal, the BIA affirmed the IJ's finding that Mejia-Fuentes did not meet his burden of proof for asylum and withholding of removal "by establishing that any past or future mistreatment in El Salvador would be on account of a ground protected under the Act." AR 2. The BIA said that even if Mejia-Fuentes's "evidence were deemed to be sufficient to establish that the gang members actually sought to persecute him 'on account of' any moral objection to gangs and his lack of family ties, as opposed to their purely criminal goal of enhancing their ranks, [Mejia-Fuentes] has nevertheless failed to

---

[3]The IJ also questioned Mejia-Fuentes's credibility, finding his testimony was so "meager and vague" that corroboration, if available, was essential. AR 404.

4

demonstrate that 'young men who morally oppose criminal gangs and who lack family ties' have sufficient social visibility in El Salvador to be recognized as a 'particular social group' within the meaning of the Act." *Id.* (citations omitted).[4]

This petition for review followed.[5]

---

[4]As to the IJ's finding that Mejia-Fuentes was not credible, the BIA said: "We need not address the [IJ's] determination that [Mejia-Fuentes] is not credible, for we conclude that [Mejia-Fuentes] has failed to meet his burdens of proof even if assumed to be credible." AR 2.

[5] Our review of  questions of law is *de novo*. *Kamara v. Attorney General*, 420 F.3d 202, 210-11 (3d Cir. 2005).  We review the BIA's statutory interpretation of the Immigration and Nationality Act under the deferential standard of *Chevron v. Natural Resources Defense Counsel*, 467 U.S. 837 (1984).  If the statute is silent or ambiguous to the specific issue, the question for the court is whether the agency's interpretation is based on a permissible construction of the statute.  *Fatin v. INS*, 12 F.3d 1233, 1239 (3d Cir. 1993).  Where, as here, the BIA issues its own decision, we review that decision.  *Li v. Attorney General*, 400 F.3d 157, 162 (3d Cir. 2005).

## II. ASYLUM AND WITHHOLDING OF REMOVAL

Section 208 of the Immigration and Nationality Act ("INA") gives the Attorney General discretion to grant asylum to a removable alien. 8 U.S.C. § 1158(a). However, the grant of discretion is conditioned upon the alien establishing that s/he is a "refuge" as defined in 8 U.S.C. § 1101(a)(42)(A). Thus, the alien must establish that s/he was persecuted "on account of" one of the five statutory grounds set forth in that section. *See, INS v. Elias-Zacarias*, 502 U.S. 478 (1992).

## III. DISCUSSION

Before discussing the merits of this petition for review, we must first address the government's contention that Mejia-Fuentes has waived any challenge to the BIA's decision.

The government submits that the BIA affirmed the IJ's ruling that Mejia-Fuentes's limited testimony was insufficient to establish that MS members persecuted him. The government argues that since Mejia-Fuentes does not challenge that determination in his opening brief, he has waived any challenge to that ruling. *See Anspach v. City of Philadelphia*, 503 F.3d 256, 259 n.1 (3d Cir. 2007) (failure to present an argument in an opening brief constitutes waiver); *Chen v. Ashcroft*, 381 F.3d 221, 235 (3d Cir. 2004)(same). The government claims that the BIA's unchallenged determination is dispositive and precludes a ruling on his petition for review. *See Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3d Cir. 1993) ("It is well-settled that if an appellant fails to comply with these requirements on a particular issue [i.e., set forth the issues raised on appeal and

present an argument in support of those issues in his opening brief], the appellant normally has abandoned and waived that issue on appeal and it need not be addressed by the court of appeals."). We disagree.

The BIA did not hold that Mejia-Fuentes failed to establish past persecution or a well-founded fear of future persecution. Rather, the BIA held that Mejia-Fuentes failed to establish "that any past or future mistreatment in El Salvador was or would be *on account of* a ground protected under the Act." AR at 2 (italics added). The BIA based its ruling squarely on its belief that Mejia-Fuentes "failed to demonstrate that 'young men who morally oppose criminal gangs and who lack family ties' have sufficient social visibility in El Salvador to be recognized as a 'particular social group' within the meaning of the Act." AR 2. The BIA did not make any determination on the issue of persecution because it determined that Mejia-Fuentes did not establish that his proposed social group was a "particular social group." Mejia-Fuentes does challenge that ruling on appeal.

**A.**

After this case was fully briefed, we decided *Valdiviezo-Galdamez v. Attorney General* ("*Valdiviezo-Galdamez II*"), 663 F.3d 582 (3d Cir. 2011). There, we discussed at length the BIA's initial interpretation of the term "particular social group" and its later development of the requirement of "social visibility" for determining whether a proposed social group constitutes a "particular social group" for purposes of asylum and withholding of removal under the INA.

In *Valdiviezo-Galdamez II*, we held, *inter alia*, that the BIA's requirement of

7

"social visibility" which was applied in denying Valdiviezo-Galdamez relief, and which was applied here by the BIA in denying Mejia-Fuentes relief, was not entitled to deference under the standards established in *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), because it was inconsistent with a number of cases in which the BIA had found that a proposed social group was a "particular social group" under the standard it had earlier established in *Matter of Acosta*, 19 I. & N. Dec. 211 (BIA 1985), *overruled on other grounds by Matter of Mogharrabi*, 19 I. & N. Dec. 439 (BIA 1987). *Valdiviezo-Galdamez II*, 663 F.3d at 603-07.

Although the BIA can certainly change the requirements for establishing membership in "a particular social group," we explained in *Valdiviezo-Galdamez II* that the BIA must "announce a principled reason" for departing from established precedent, and it had not done so in denying Valdiviezo-Galdamez's claim that persons resisting recruitment into MS could constitute a particular social group for purposes of establishing refugee status. *Id*. at 608. We held that, unless or until the BIA provides a "principled reason" for its departure from established precedent, its prior ruling in *Matter of Acosta* should control inquiries into whether an aslyum applicant's proposed social group constitutes a "particular social group" under the Act. *Id*.[6]

Our decision in *Valdiviezo-Galdamez II* is controlling here. Therefore, we will

---

[6]We also noted in *Valdiviezo-Galdamez II* that the "BIA must not only announce a 'principled reason' for any changes it makes to its definition of 'particular social group,' any announced changes must be based on a permissible construction of the statute." 663 F.3d at 609 n.19.

8

grant this petition for review on the issue of Meija-Fuentes's membership in a particular

social group and remand for further review for the BIA to analyze Mejia-Fuentes's

proposed social group in a manner that is consistent with this opinion and our holding in

*Valdiviezo-Galdamez II.*

**B.**

Before concluding, we think it important to comment on the IJ's conclusion that the

proposed social group has no existence independent of the alleged persecution by MS.

The BIA did not mention that finding in its decision. Nonetheless, the government cites

our decision in *Lukwago v. Ashcroft*, 329 F.3d 157 (3d Cir. 2003), in arguing that Meija-

Fuentes can not establish refugee status because his claimed social group has no existence

independent of the alleged persecution. In *Lukwago*, we stated that a "'particular social

group' must have existed before the persecution began." *Id.* at 172.

However, we disagree with the government's contention that Mejia-Fuentes's

proposed social group has no existence prior to, or independent of, the alleged

persecution. As noted, Mejia-Fuentes's proposed social group is "young men who

morally oppose criminal gangs and who lack family ties." In *Valdiviezo-Galdamez I*, we

held that a similar proposed social group existed independently of its persecution. We

wrote:

> Before the IJ, Galdamez identified the particular social group
> to which he belongs as "those who have been actively
> recruited by gangs but have refused to join because they
> oppose those gangs." App. 185. In his brief, he identifies the
> group as "young Honduran men who have been actively

9

recruited by gangs and who have been persecuted by these gangs for their refusal to accept membership." Appellants' Br. 25. *In discussing the group, we omit the fact of the group's later persecution from its definition to make clear that the group exists independently of its persecution. See Lukwago v. Ashcroft*, 329 F.3d 157, 172 (3d Cir. 2003) ("[T]he 'particular social group' must have existed before the persecution began.").

502 F.3d at 290 n.3 (emphasis added). With the exception of Mejia-Fuentes' addition of persons lacking family ties to his proposed social group, we can see no difference between Mejia-Fuentes's proposed social group and Valdiviezo-Galdamez's proposed social group.

## IV. CONCLUSION

For all of the above reasons, we will grant the petition for review and remand to the BIA for its consideration of whether Mejia-Fuentes's proposed social group constitutes a "particular social group" under the standard the BIA established in *Matter of Acosta*, 19 I. & N. Dec. 211, 233-34 (BIA 1985), as explained in *Valdiviezo-Galdamez II*.